IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIRIGAN SOLUTIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SNOWQI, *et al.*, <br><br> Defendants. | Civil Action No. 23-cv-232 <br><br> Judge Schwab |

## MOTION FOR ENTRY OF DEFAULT JUDGMENT AND PERMANENT INJUNCTION

In accordance Federal Rule of Civil Procedure 55(b)(2), Plaintiff respectfully submits this Motion for Default Judgment and Permanent Injunction against the defaulting Defendants set forth on Attachment "A" (hereinafter collectively referred to as "Defendants" or individually as "Defendant"). The grounds for this Motion are set forth in the accompanying Memorandum in Support.

Plaintiffs respectfully request the following relief against Defendants: 1) the entry of a final judgment of $2,150,000.00 against each individual Defendant as listed on Schedule A for their intentional unfair competition and copyright infringement, except Defendant Nos. 7 and 10 against which Plaintiff seeks $4,150,000.00[1], and a permanent injunction in order to prevent Defendants from infringing Plaintiffs' intellectual property rights in the future; 2) a post-judgment asset restraining order; and 3) an order authorizing the release and transfer of

---

[1] For Defendants 7 and 10, damage awards are sought in the amount of 4 Million Dollars One Hundred Fifty Thousand Dollars ($4,150,000.00) because they have both unfairly competed ($2,000,000.00 admitted damages), intentionally infringed on Plaintiff's copyright ($150,000.00 in copyright infringement statutory damages, and also counterfeited ($2,000.000.00 in counterfeit statutory damages).

Defendants' frozen assets to satisfy the damages awarded to Plaintiffs. A proposed Order granting the relief sought is submitted herewith.

Plaintiff does not believe it is necessary for the Court to hold a hearing on this Motion, and the Motion may be decided on the papers.[2] Courts, including this Court, enter default judgments in similar cases based upon the papers and without holding a hearing. *See Osprey, LLC v. Alfie Pet*, No. 21-cv-790 [Doc. No. 43] (W.D. Pa. July 28, 2022) (default judgment entered three days after motion filed); *Osprey, LLC v. Alladinbox*, No. 21-cv-1095 [Doc. No. 39] (W.D. Pa. July 21, 2022) (default judgment entered one day after motion filed); *BBC Studios Distribution Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 22-cv-1441 (N.D. Ill. July 20, 2022) (default judgment entered one day after motion filed); *Airigan Solutions, LLC v. Belvia*, No. 20-cv-284 [Doc. No. 35] (W.D. Pa. April 22, 2020) (default judgment entered one day after motion filed); *Apple Corps. Limited v. The Individuals, Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 19-cv-62853 (S.D. Fla. Feb. 13, 2020) (default judgment entered one day after motion filed); and *Chanel, Inc. v. The Individuals, Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 19-cv-61416 (S.D. Fla. Aug, 12, 2019) (default judgment entered six days after motion filed).

---

[2] It is respectfully submitted there is no reason to conduct a hearing on the Plaintiff's request for damages since all of the evidence needed for an award of damages is before the court. Courts have awarded damages post-default without an evidentiary hearing based upon affidavits like those submitted by the plaintiff in this case. *See Rios v. Loves*, No. 13-CV-1619 (E.D. Pa. 2015) (After a Court determines that judgment by default should be entered as to liability, the court must address the quantum of damages or other recovery to be awarded. The Court may determine the amount of damages by conducting a hearing or upon submission of affidavits.); *see also Jonestown Bank and Trust Co. v. Automated Teller Mach., Services, Inc.*, 2012 WL 6043624, *4 (M.D. Pa. 2012) (explaining that the Court may determine damages by asking parties to submit "affidavits and other materials from which the court can decide the issue.") (citing 10 James Wm. Moore, et al., Moore's Federal Practice § 55.32[2][c] (Matthew Bender ed. 2010)); *Frenkel v. Baker*, No. 13-5880, 2014 WL 5697449, at *12 (E.D. Pa. Nov. 4, 2014) (citing *Amresco Fin. Financial I L.P. v. Storti*, 2000 WL 284203, at *2 (E.D. Pa. Mar. 13, 2000)) (entry of default with an award of damages proper where award can be ascertained from figures in evidence and affidavits).

                                                                                   Respectfully submitted,

Dated:  May 17, 2023                              /s/ Stanley D. Ference III
                                                              Stanley D. Ference III
                                                              Pa. ID No. 59899
                                                              courts@ferencelaw.com

                                                              Brian Samuel Malkin
                                                              Pa. ID No. 70448
                                                             bmalkin@ferencelaw.com

                                                             FERENCE & ASSOCIATES LLC
                                                             409 Broad Street
                                                             Pittsburgh, Pennsylvania 15143
                                                             (412) 741-8400 – Telephone
                                                             (412) 741-9292 – Facsimile

                                                             Attorneys for Plaintiff
                                                                Airigan Solutions, LLC